10-2668-ag
Rodriguez Mejia v. Holder

BIA
Nelson, IJ
A094 778 110

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of October, two thousand eleven.

PRESENT: REENA RAGGI,
RICHARD C. WESLEY,
GERARD E. LYNCH,
*Circuit Judges*.

-----------------------------------------------------------------------
MARCOS RODRIGUEZ MEJIA,

    *Petitioner*,

   v.           No. 10-2668-ag
                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

    *Respondent*.
-----------------------------------------------------------------------


FOR PETITIONER:     Daniel B. Lundy, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Karen L. Melnik, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Marcos Rodriguez Mejia, a native and citizen of El Salvador, seeks review of a June 9, 2010 order of the BIA affirming the September 23, 2008 decision of Immigration Judge Barbara A. Nelson, denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT").  In re Marcos Rodriguez Mejia, No. A094 778 110 (BIA June 9, 2010), aff'g No. A094 778 110 (Immig. Ct. N.Y. City Sept. 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we consider the decision of the IJ as supplemented by the BIA.  See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established.  See 8 U.S.C. § 1252(b)(4)(B); Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009).

1.  Mejia's Withholding of Removal Claim

Mejia claims that he is entitled to withholding of removal based on social group persecution.  See 8 U.S.C. § 1231(b)(3)(A); Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir. 2004); 8 C.F.R. § 1208.16(b)(1).  He submits that the BIA wrongfully denied this relief by mischaracterizing the social group supporting his claim, identifying it as "victims of gangs in El Salvador" rather than as "people who have reported or testified against gang members, investigated gang crimes, and sought information or justice for family members

2

killed or disappeared by gang members." Pet'r's Br. at 14-16. This claim fails for lack of administrative exhaustion because Mejia never identified the social group supporting his claim before the agency. See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 119-20 (2d Cir. 2007).

An alien seeking relief from removal must exhaust both the categories of relief sought, see 8 U.S.C. § 1252(d)(1), and the bases for such relief, see Lin Zhong v. U.S. Dep't of Justice, 480 F.3d at 119-20. The latter requirement encompasses the specific issues supporting a claim for relief. See id.; Steevenez v. Gonzales, 476 F.3d 114, 117-18 (2d Cir. 2007) (holding that failure to raise issues before BIA is fatal to subsequent petition for review). While this court may consider claims and issues not raised by a petitioner in the course of his BIA appeal if the BIA addressed them sua sponte, this exception to the exhaustion rule extends no further than the issues that the BIA actually addressed. See Waldron v. INS, 17 F.3d 511, 515 n.7 (2d Cir. 1993).

Following these principles, we decline to review Mejia's argument that he is eligible for withholding of removal due to a clear probability of persecution on account of his membership in the social group of "people who have reported or testified against gang members, investigated gang crimes, and sought information or justice for family members killed or disappeared by gang members." Pet'r's Br. at 15-16. Whether Mejia established such a group, or whether such a group was cognizable for relief from removal, are issues that were neither raised before the BIA nor addressed by the BIA sua sponte. See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d at 119-20. Although Mejia checked a box on his application

3

for withholding of removal indicating that he was seeking withholding based on social group persecution, neither his application nor his supporting affidavit identified the particular social group at issue. Instead, as the government points out in its brief, see Gov't's Br. at 10-11, Mejia merely asserted a generic social group persecution claim before the agency.

Based on her review of the facts asserted in Mejia's affidavit, the IJ concluded that Mejia's difficulties in El Salvador were not related to his membership in any particular social group. Mejia failed to file a timely brief with the BIA disputing this conclusion. Nevertheless, the BIA liberally construed the agency record to assert social persecution based on Mejia's alleged status as a victim of gang violence. The BIA's interpretation of Mejia's claim as one based on his membership in such a group was consistent with the factual assertions in Mejia's application for withholding of removal and in his supporting affidavit.

Insofar as Mejia now charges that the BIA erred in failing to recognize that the social group at issue was "people who have reported or testified against gang members, investigated gang crimes, and sought information or justice for family members killed or disappeared by gang members," Pet'r's Br. at 15-16, Mejia never raised, much less exhausted, a claim that his membership in such a group could support a claim for withholding of removal.[1] Where,

---

[1] The likelihood of such a claim succeeding is doubtful. Cf. Koudriachova v. Gonzales, 490 F.3d 255, 261-62 (2d Cir. 2007) (noting that "former police officer singled out for reprisal because of her role in disrupting particular criminal activity" would likely not qualify for relief based on social group persecution, since reprisal would be occasioned not by membership in group defined by immutable characteristics but rather "by others factors more specific to the particular applicant"). But we will not address the merits where, as here, the claim has never been presented to the agency.

as here, an alien has failed to raise the purported basis for his claim for relief from removal before the BIA, he cannot use the fact that the BIA sua sponte addressed what it reasonably understood to be the basis for his claim as a justification for obtaining this court's review of a different basis never before the agency.

In sum, we conclude that Mejia's failure to identify before the BIA the particular social group on which he now relies in seeking withholding of removal is fatal to his petition for review. See Steevenez v. Gonzales, 476 F.3d at 117-18.

### 2. Mejia's CAT Claim

With regard to Mejia's CAT claim, the BIA sua sponte considered whether Mejia carried his evidentiary burden of showing that it was more likely than not that he would be tortured by or with the acquiescence of a government official if returned to El Salvador. See Khouzam v. Ashcroft, 361 F.3d 161, 168 (2d Cir. 2004); 8 C.F.R. § 1208.16(c). Because Mejia's challenge to the IJ's adverse evidentiary falls precisely within the scope of the BIA's sua sponte review, we deem this issue exhausted. See Waldron v. INS, 17 F.3d at 515 n.7.

An alien applying for CAT relief may prevail by showing that he will more likely than not be tortured by government actors, or that government actors will exhibit willful blindness toward acts of torture committed by private actors. See Khouzam v. Ashcroft, 361 F.3d at 171. Here, Mejia asserted that gangs exert some influence over some police officers in El Salvador, that his nephew's girlfriend told him that a single corrupt officer played an unspecified role in the 1998 death of Mejia's nephew, that Mejia and his family received threats from gang members after reporting his nephew's death to the police, and that Mejia

5

and his family did not report these threats to the police because they feared police complicity with gangs. These assertions of gang murder and threats from gang members are certainly disturbing. But the role of the police in the asserted events is based entirely on conclusory or speculative allegations, which do not compel an inference that the police would more likely than not instigate or acquiesce in Mejia's torture if he returned to El Salvador. Cf. Yueqing Zhang v. Gonzales, 426 F.3d 540, 546 n.7 (2d Cir. 2005) (denying petition where asserted fear of persecution was "conclusory"); Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir. 2005) (denying petition where assertion of likely persecution was "speculative at best").

Mejia's attempt to recharacterize his sufficiency argument as presenting a legal rather than a factual challenge, see Mendez v. Holder, 566 F.3d 316, 322-23 (2d Cir. 2009), is unpersuasive. The BIA is not required to "expressly parse or refute on the record every individual . . . piece of evidence offered by the petitioner." Zhi Yun Gao v. Mukasey, 508 F.3d 86, 87 (2d Cir. 2007). In addition, we presume that an agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 337 n.17 (2d Cir. 2006). The present record reveals no such failure by the BIA.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

                     FOR THE COURT:
                     CATHERINE O'HAGAN WOLFE, Clerk of Court